IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NAVIGATORS SPECIALITY
INSURANCE COMPANY,

      Plaintiff,

v.                                                                    Civ. No. 25-1020 GJF/GBW

HERBERT DIAZ, CYRUS CHARLES JACKSON,
VICTORIA XPRESS, INC., and REALIST LOGISTICS, LLC,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Publication. *Doc. 9*. Having reviewed the Motion, the Court will DENY it WITHOUT PREJUDICE.

### I.    BACKGROUND

This action seeks a declaratory judgment relating to the coverage under an insurance policy issued by Plaintiff. *See doc. 1*. The only defendant who has been successfully served is Defendant Diaz. *See docs. 7, 8*. In the instant motion, Plaintiff seeks permission to serve by publication two of the three remaining defendants – Defendant Jackson and Defendant Victoria Xpress, Inc.

With respect to Defendant Jackson, Plaintiff states it attempted service at one address on one occasion. The residence of that address indicated no knowledge of Mr.

Jackson except that Mr. Jackson had not resided there when the resident moved in four months ago.  *See doc. 9*, Ex. A.  Plaintiff provides no other information about efforts to locate Mr. Jackson nor any evidence about where he might be located.

> With respect to Defendant Victoria Xpress, Inc., Plaintiff states that it,

> through counsel, previously attempted to locate an agent or attorney for Victoria Xpress to accept service.  This included emails to former and present counsel for Victoria Xpress.  Counsel has been unable to make contact with Victoria Xpress and has attempted the services of a private investigator, without success.  Undersigned counsel has been advised that Victoria Xpress is "defunct and the ownership is in the wind."  Undersigned counsel was also advised that attempts were also made to contact the listed statutory agent for Victoria Xpress, and those attempts were unsuccessful.  These communications took place from November 2025 to January 2026.

*Doc. 9* at 2.

## II.   RELEVANT LAW

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual or corporation by any method permitted under the law of the state where the district court is located.  Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  Under New Mexico law, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule[.]"  NMRA 1-004(J); *see also* NMRA 1-004(K).  A party must exhaust the entire "hierarchy of mechanisms" under NMRA 1-004(F) before service by publication is permitted.  *Soto v. Vill. of Milan Police Dep't*, 2010 WL 11619168, at *3 (D.N.M. Sept. 17, 2010) (unpublished).  Moreover, since

service by publication is a method of "last resort," it is appropriate "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 388 P.3d 240, 249 (N.M. 2016) (citation omitted). Clearly, "the exercise of diligence and good faith to locate a defendant [is] implicit [in the] prerequisites to effective service of process by publication." *Id.* at 250 (citations omitted). Finally, the court may only order service by publication in a way "that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA 1-004(J).

### III.   ANALYSIS

Plaintiff has failed to meet its burden to establish that service by publication is authorized under the rules above nor that such service would comport with due process principles. With respect to Defendant Jackson, Plaintiff's efforts, at least as catalogued in the motion, are insufficient to demonstrate adequate diligence to locate Defendant Jackson. Moreover, the record gives the Court no reason to believe that publication in Albuquerque or Houston is reasonably calculated to apprise Defendant Jackson of the action. With respect to Defendant Victoria Xpress, Inc., Plaintiff's efforts to locate relevant persons appear more significant. However, while the Complaint states that it "is a foreign for-profit corporation authorized to do business, and doing business in the State of New Mexico[,]" it now appears that it is "defunct and the

3

ownership is in the wind." *See doc. 1*, ¶ 5; *doc. 9* at 2.  As such, the Court again lacks any basis on which to conclude that publication in Albuquerque or Houston is reasonably calculated to apprise Defendant Victoria Xpress, Inc. of the action.

For these reasons, Plaintiff's motion must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Service by Publication (*doc. 9*) is DENIED WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

4