**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NAVIGATORS SPECIALTY
INSURANCE COMPANY,

Plaintiff,

v. Civ. No. 25-1020 DHU/GBW

HERBERT DIAZ, CYPRUS CHARLES JACKSON,
JORGE LOPEZ, VICTORIA XPRESS, INC.,
and REALIST LOGISTICS, LLC,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Response to Order to Show Cause (*doc. 12*) and pursuant to the Honorable David Urias' Order of Reference (*doc. 14*). For the reasons stated below, I RECOMMEND that the Court DISMISS Plaintiff's claims against Defendants Cyprus Charles Jackson, Jorge Lopez, Victoria Xpress, Inc., and Real Logistics, LLC, WITHOUT PREJUDICE for failure to effect timely service under Fed. R. Civ. P. 4(m).

On October 15, 2025, Plaintiff filed a complaint for declaratory judgment against Defendants Herbert Diaz, Cyrus Charles Jackson, Jorge Lopez, Victoria Xpress, Inc., and Realist Logistics, LLC. *Doc. 1*. On February 2, 2026, Plaintiff filed its first motion to

extend time to serve Defendants, which the undersigned granted.[1] *Docs. 3, 4*. The undersigned also granted Plaintiff's second motion seeking an extension of to serve Defendants. *Docs. 5, 6*. On April 6, 2026, Plaintiff filed a motion to serve Defendants Jackson and Victoria Xpress by publication, which the undersigned denied without prejudice. *Docs. 9, 10*. So far, the only Defendant that has been served and appeared in this case is Defendant Herbert Diaz. *Doc. 7.*

On July 28, 2026, the undersigned issued an Order to Show Cause, instructing Plaintiff to demonstrate why its claims should not be dismissed against the unserved Plaintiffs for failure to effect timely service under Rule 4 of the Federal Rules of Civil Procedure. *Doc. 11* at 2.[2] Plaintiff responded on August 11, 2026, stating that it does not have any further information regarding the locations of Defendants Cyrus Charles Jackson, Realist Logistics,[3] and Victoria Xpress, and therefore cannot serve them at this time. *Doc. 12*.

Accordingly, I find that Plaintiff has not shown good cause for its failure to serve the remaining defendants and RECOMMEND that the Court DISMISS Plaintiff's claims

---

[1] Defendant Jorge Lopez was omitted from the caption of this motion and has not been served nor mentioned in any of Plaintiff's subsequent filings. Accordingly, the undersigned assumes that Plaintiff does not intend to bring suit against Defendant Lopez.

[2] Rule 4 provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

[3] Plaintiff refers to Defendant Realist Logistics as "Real Logistics" in the body of its response to the Order to Show Cause. *See doc. 12*. While the captions of several of Plaintiff's other motions name the entity as "Real Logistis, LLC" [*sic*], the Court will continue to use the name "Realist Logistics" as that is how the name appears in the Complaint and on the docket. *See doc. 1* at 1.

against Defendants Cyprus Charles Jackson, Jorge Lopez, Victoria Xpress, Inc., and Real Logistics, LLC, WITHOUT PREJUDICE for failure to effect timely service. *See* Fed. R. Civ. P. 4(m).

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**